BALTAZAR RODRIGUEZ, *alias* BALTAZAR MARTINEZ, v. THE STATE.

No. 19729.   Delivered May 25, 1938.
Rehearing denied October 12, 1938.

The opinion states the case.

*Schlesinger, Schlesinger & Goodstein* and *J. Douglas McGuire,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Hope Estelle Hyman by shooting her with a pistol.

It was appellant's version that his mind was in such condition that he was incapable of cool reflection at the time he killed deceased. The trial court submitted a charge on murder without

malice. It was the State's theory, given support in the evidence, that the killing was premeditated. This theory was submitted by the court in an instruction covering the law of murder with malice.

Appellant made no contention that he should be acquitted. It was his position in the trial of the case that under the evidence a conviction for murder without malice would meet the demand of the law, or at least that the circumstances antecedent to and surrounding the homicide did not warrant the infliction of the death penalty.

In his closing argument to the jury the assistant district attorney used language as follows:

"When the man who sits here entered the home of decent, hard-working people; when you [referring and pointing to appellant's counsel] came into this affair and took the case; when you [meaning appellant's counsel] agreed to come before a jury of Bexar County citizens and took this man's case for pay, that is when you [meaning appellant's counsel] met your end. You met your end before the decent, law-abiding citizens of Bexar County."

Appellant's objection to the argument was overruled. The bill of exception is qualified to show that counsel for appellant had objected to an argument made by the assistant district attorney; that after the objection had been overruled the assistant district attorney resumed his argument with the statement that he had to again collect his thoughts in view of the fact that he had been interrupted by counsel for appellant; that the argument he was making "was getting so close to the unanswerable evidence of the case that defendant's counsel could not take it." Further, the qualification states that counsel for appellant then stated to the assistant district attorney that he had been practicing law too long "to let the assistant district attorney bother him"; that the assistant district attorney replied that counsel for appellant had been practicing law for a long time but that finally he had met his end; that conusel for appellant replied in an angry manner: "Not at your hands." After the last statement by counsel for appellant the argument we have heretofore quoted was made by the assistant district attorney.

We express the opinion that the bill of exception presents reversible error. The assistant district attorney, in using the language in question in effect advised the jury that the law-abiding citizens of Bexar County were of opinion that the offense

appellant had committed would bring about the condemnation of any lawyer who entered upon his defense. In short, the jury were informed, in effect, that the citizenship of Bexar County believed no extenuating circumstances surrounded the homicide. Obviously, if the jury believed that the sentiment of the people of Bexar County was such as that they condemned appellant's attorney for presenting his case to the jury, it can not be said that the argument was without effect when the jury considered appellant's plea that the circumstances surrounding the homicide showed a killing without malice or at least one which did not warrant the infliction of the extreme penalty. In short, if influenced by the remarks of counsel for the State, the jury might not have fairly analyzed appellant's version of the transaction resulting in the homicide. Being of opinion that the argument was obviously hurtful and prejudicial, it becomes our duty to order a reversal.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### MOTION FOR REHEARING.

HAWKINS, JUDGE.—Through the prosecuting officers of Bexar County the State has filed a motion for rehearing combating the correctness of our holding in ordering a reversal. After further consideration of the matter our views remain as expressed in our original opinion. Nothing would be gained by a more extended discussion.

The State's motion for rehearing is overruled.